UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA FUGITT and BILLY FUGITT, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2145-B |
| | § | |
| WALMART STORES, INC., | § | |
| WALMART STORES, WALMART, | § | |
| WALMART SUPERCENTER # 467, | § | |
| and CHARLES CAMPBELL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Donna and Billy Fugitt's Motion to Remand (Doc. 4). For the

reasons that follow, the Court **DENIES** the Motion.

## I.

## BACKGROUND

This case originates in Plaintiff Donna Fugitt's ("Donna") slip-and-fall sustained at a

Walmart store located in Denton, Texas. Doc. 1, App. 15, Original Pet. ¶¶ 10–11. According to the

Original Petition, Donna slipped on a pool of water that had gathered from a from a nearby grocery

cart containing leaking bags of ice. *Id.* ¶ 12. Donna sustained two broken bones in the fall, and

asserts that "to this day, there has not been a complete healing and fusion." *Id.* App. 16, Original Pet.

¶¶ 15–16. She sued Defendants Walmart Stores, Inc., Walmart Stores, Walmart, Walmart

Supercenter # 467 (the store at which the incident occurred), and Charles Campbell (the manager

of the store), asserting claims for premises liability and strict liability. *Id.* App. 14, 16–17, Original Pet. ¶¶ 3–7, 19–21.

Defendants removed this case from the 95th Judicial District Court of Dallas County, Texas, where it was originally filed. Doc. 1, Notice of Removal ¶ 1. They invoke this Court's diversity jurisdiction as the basis for removal, and allege that Campbell—who is a Texas resident—has been improperly joined. *Id.* ¶¶ 6–10. As a result, Defendants request that this Court disregard Campbell's citizenship and find that complete diversity exists between Plaintiffs and the remaining defendants. *Id.* ¶ 10. Plaintiffs object to this contention, arguing that Campbell has been properly joined as a defendant in this case by virtue of his position as manager of the store where the injury occurred. Doc. 4, Pls.' Mot. to Remand ¶¶ 1–12. They filed the instant Motion to Remand on July 24, 2015, to which Defendants have responded. Doc. 4, Pls.' Mot. to Remand; Doc. 5, Defs.' Resp. The time for filing a reply has lapsed, and so the Motion is now ready for review.

## II.

## LEGAL STANDARD

A.    *Motions to Remand*

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332, which provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

That being said, the Court may disregard an improperly joined non-diverse defendant when analyzing complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In this case, Defendants do not assert that Plaintiffs engaged in fraud. Thus, to establish improper joinder, Defendants must demonstrate that there is no possibility of recovery by Plaintiffs against Campbell. *Id.* Under this prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462.

There are two ways to determine whether there is a reasonable possibility of recovery. The first is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Id.* The other way is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is only appropriate where the summary judgment evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Because that is not the case here, the Court proceeds with a Rule 12(b)(6)-type analysis of Plaintiffs' Original Petition.

In conducting this Rule 12(b)(6)-type analysis of a complaint originally filed in Texas state court, this Court applies state court pleading standards. *Oldham v. Nationwide Ins. Co. of Am.*, No. 14-CV-0575, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014). Traditionally, Texas courts have applied a more liberal pleading standard than the federal one, upholding a petition as long as it provides "fair notice of the claim involved." Tex. R. Civ. P. 45(b). In March 2013, however, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a. Though not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the Rule 12(b)(6) case law in applying Rule 91a. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). Accordingly, this Court will do the same.

B.      *Rule 12(b)(6) Standard*

Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Furthermore, the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

The dispositive issue for this Motion is whether Texas law would hold a store manager, as such, individually liable on a premises liability claim. Plaintiffs contend that it would, citing *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584, 1998 WL 648571 (5th Cir. 1998) (unpublished). Doc. 4, Pls.' Mot. to Remand ¶¶ 2–7. In *Valdes*, the Fifth Circuit relied on a Texas Court of Civil Appeals case from 1952 to decide that there was a reasonable possibility that a store manager would be liable under Texas law for a dangerous condition on the premises (in that case, an armed rapist). *Valdes*, 1998 WL 648571, at *4–5 (citing *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex. Civ. App.—Beaumont 1952, writ ref'd n.r.e.)). Defendants, on the other hand, argue that *Valdes* and *Selph* are no longer good law, and that Campbell cannot be held individually liable in this case. Doc. 5, Defs.' Resp. 5–9.

"[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). An example of such an independent duty is an agent's "duty of reasonable care to the general public" when operating a vehicle in the course of his employment. *Leitch*, 935 S.W.2d at 117. When an agent simply carries out a duty that the employer owes, however, he cannot be individually liable for breaching that duty. *See id.* at 118. This is because "[c]orporations can . . . only act through individuals." *Tri*, 162 S.W.3d at 562. Therefore, Plaintiffs can only recover from Campbell if he owed them a duty independent of the duty owed to them by Walmart.

In *Leitch*, the Texas Supreme Court held that "[t]he duty to provide a safe workplace was a nondelegable duty imposed on, and belonging solely to," the employer. 935 S.W.2d at 118. The Fifth Circuit noted in *Valdes* that "the principles of *Leitch* might well undermine *Selph*," as "[i]t is unclear why [a manager] personally would not owe a duty to . . . a[n] . . . employee, but would owe such a duty to . . . [a] customer." 1998 WL 648571, at *5 n.6. Ultimately, though, the court declined to extend *Leitch* because it doubted that the case would apply beyond the employer-employee relationship. *Id.* The Texas Supreme Court refuted that concern in *Tri*, where it applied the rationale of *Leitch* to a case involving invitees like Plaintiffs. 162 S.W.3d at 562–63. Moreover, that court also stated recently that "generally, an employer has the same premises-liability duty to its employees as other landowners have to invitees on their premises," further equating the two relationships. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201–02 (Tex. 2015). The Court is thus persuaded that the duty to keep business premises safe is one owed by the employer, rather than its employees.[1]

Plaintiffs urge a narrower reading of *Tri*, arguing that, because the Texas Supreme Court resolved the case on procedural grounds, its discussion of *Leitch* is effectively dicta. Doc. 4, Pls.' Mot. to Remand ¶¶ 10–12. Although Plaintiffs are correct on the first point—the Texas Supreme Court upheld the trial court's decision in *Tri* because the appellants failed to file a record on appeal—their interpretation of the *Leitch* discussion misses the mark. *Tri*, 162 S.W.3d at 563. The vital fact is not how the court ultimately resolved the appeal, but rather that it considered *Leitch* relevant to the analysis at all. In *Valdes*, the Fifth Circuit found the distinction between the employer-employee

---

[1] Other federal courts to consider the issue after *Tri* have reached the same conclusion. *See, e.g.*, *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480–81 (S.D. Tex. 2008); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837–38 (E.D. Tex. 2008).

relationship and the landowner-invitee relationship to be dispositive regarding *Leitch*'s applicability to a premises liability claim. *Valdes*, 1998 WL 648571, at *5 n.6. It is therefore significant that *Tri* bridged that gap, citing *Leitch* as the standard for "when individual liability will be imposed and when it will not" in a case involving invitees. *Tri*, 162 S.W.3d at 562. The Court cannot consider *Tri*'s reliance on *Leitch* meaningless when *Leitch*'s application to the very issue under consideration had been openly questioned.

All this is not to say that a manager like Campbell can *never* owe a duty to patrons to keep the premises safe—indeed, it is well-understood that "a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002). Thus, for example, when an employee "creates a dangerous situation, a duty is imposed upon him to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured by the dangerous situation he created." *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 319 (Tex. App.—Corpus Christi 2000, no pet.). But Plaintiffs have not alleged that Campbell personally created the dangerous condition, and nothing in the Original Petition establishes that Campbell owed them an independent duty. The only allegations relating to Campbell are assertions made against all defendants, such as "Defendants owned and controlled the premises and/or managed and operated the store where Donna Fugitt was injured," "Defendants failed to reduce or eliminate th[e] unreasonably dangerous condition," and "Defendants failed to exercise ordinary care to make the condition reasonably safe or to adequately warn Plaintiff of the unreasonably dangerous conditions." Doc. 1, App. 16–17, Original Pet. ¶¶ 19–20. Such undifferentiated allegations are insufficient to support a finding that Campbell individually owed Plaintiffs a duty of care. *Bourne*, 582 F. Supp. 2d at 838.

The Court is persuaded that Campbell did not owe Plaintiffs an independent duty of care, either by virtue of his position as manager or as a result of his own actions. Accordingly, Defendants have met their heavy burden to show that there is no "reasonable basis for predicting that state law might impose liability" on him. *Campbell*, 509 F.3d at 669. Campbell has thus been improperly joined, and his citizenship may be disregarded. *Cuevas*, 648 F.3d at 249. Complete diversity exists between Plaintiffs and the other defendants, meaning that the case was properly removed. *See* 28 U.S.C. § 1332(a)(1). Remand is therefore unwarranted.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand.


**SO ORDERED.**

**SIGNED: November 19, 2015**.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 9 -